# Supreme Court of Florida

_____

No. SC17-1740
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2017-06.**

[February 8, 2018]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee's proposals derive from two referrals by the Court to the

Committee. The first referral concerned instructions that pertain to section

782.065, Florida Statutes (2017), and was based upon *Ramroop v. State*, 214 So.

3d 657 (Fla. 2017), in which we held that the State must prove that the defendant

knew that the victim was a law enforcement officer (LEO), correctional officer,

etc., for the reclassification of a murder or attempted murder charge. New

instructions 6.7 (Attempted Murder – Reclassified) and 7.13 (Murder –

Reclassified) were proposed in light of *Ramroop*. The second referral was based upon *State v. Spencer*, 216 So. 3d 481 (Fla. 2017), in which we determined that fundamental error resulted where the instruction for Attempted Manslaughter by Act as read to the jury did not include an instruction on justifiable or excusable attempted homicide. In light of *Spencer*, the Committee proposed amendments to the following existing attempted homicide and homicide instructions: 6.2 (Attempted First Degree Premeditated Murder); 6.3 (Attempted Felony Murder); 6.3(a) (Attempted Felony Murder – Injury Caused by Another); 6.4 (Attempted Second Degree Murder); 6.6 (Attempted Manslaughter by Act); 7.2 (Murder – First Degree); 7.3 (Felony Murder – First Degree); 7.4 (Murder – Second Degree); 7.5 (Felony Murder – Second Degree); 7.6 (Felony Murder – Third Degree); 7.7 (Manslaughter); and 7.7(a) (Aggravated Manslaughter).

Following publication by the Committee, a comment was received from the Florida Public Defender Association (FPDA). The Court did not publish the proposals after they were filed. The Court authorizes instructions 6.2, 6.3, 6.3(a), 6.4, 6.6, 6.7, 7.2, 7.3, 7.4, 7.5, 7.6, 7.7(a), and 7.13 as proposed, and authorizes instruction 7.7 with modifications. The more significant amendments to the instructions are discussed below.

With regard to the attempted homicide and homicide-related instructions before the Court—6.2, 6.3, 6.3(a), 6.4, 6.6, 7.2, 7.3, 7.4, 7.5, 7.6, 7.7, and 7.7(a)—

we recognize that in *Spencer* we held that fundamental error resulted when the defendant's jury was instructed upon attempted manslaughter by act, but the instruction omitted instructions upon justifiable and excusable attempted homicide. *Id.*, 216 So. 3d at 486. To remedy this situation, we amend the above listed instructions to include one of the applicable following italicized sentences at the top of all attempted murder and murder instructions:

> *In the absence of an express concession that the attempted homicide was not excusable or justified, the trial judge must also read Instruction 6.1, Introduction to Attempted Homicide.*

or

> *In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

In addition, in the context of the attempted manslaughter and manslaughter instructions, the following italicized paragraph is added as a note to the trial judge:

> *It is fundamental error not to instruct on justifiable attempted homicide and excusable attempted homicide in the absence of an express concession that the attempted homicide was not excusable or justified. See State v. Spencer, 216 So. 3d 481 (Fla. 2017).*

Turning to the individual instructions, we further amend instruction 6.2 by deleting the section of the instruction pertaining to the enhanced penalty pursuant to section 782.065(2), Florida Statutes, as well as the paragraph in the Comments section addressing the enhancement. Instead, a new paragraph is added to the

- 3 -

Comments section referencing instruction 6.7 for the section 782.065

reclassification enhancement, in light of *Ramroop*.

Next, new instruction 6.7 pertains to the reclassification statute, section

782.065, Florida Statutes, and is based upon this Court's decision in *Ramroop*. In

the opening portion of the instruction, an italicized note to the trial judge explains

what is required for the reclassification:

> *In Ramroop v. State, 214 So. 3d 657 (Fla. 2017), the Florida Supreme Court held that § 782.065(2), Fla. Stat. is a reclassification statute that creates a substantive offense. Accordingly, the trial judge should add the three elements below to the elements section of the appropriate Attempted Murder crime (See Instruction 6.2, 6.3, 6.3(a), or 6.4.)*

Instruction 6.7 then includes the three elements that the jury must find for the

reclassification, including that the victim was a law enforcement officer (LEO),

etc., that the defendant knew the victim was an LEO, etc., and that the victim was

engaged in the lawful performance of a legal duty.

Existing instruction 7.2 is further amended by deleting the paragraph

pertaining to "transferred intent" and adding a sentence to the Comments section

providing that instruction 3.6(o) be given if the case involves transferred intent. In

addition, the section of the instruction pertaining to the enhanced penalty pursuant

to section 782.065(2), i.e., the definitions relevant to the enhancement, is deleted,

as is the paragraph in the Comments section addressing the enhancement, and a

new sentence in the Comments section is added referring to instruction 7.13 for the section 782.065 reclassification.

Instructions 7.3, 7.4, 7.5, and 7.6 are further amended by deleting the section of the instruction pertaining to the enhanced penalty pursuant to section 782.065(2), as is the paragraph in the Comments section addressing the enhancement, and a new sentence in the Comments section is added referring to instruction 7.13 for the section 782.065 reclassification. The table of lesser included offenses in instruction 7.5 is also amended to delete the asterisk to Manslaughter as a Category One offense, in light of our decision in *Dean v. State*, 230 So. 3d 420 (Fla. 2017), holding that manslaughter is a necessarily lesser included offense of second-degree felony murder. *Id.* at 424.

With regard to instruction 7.7, while we amend the body of the instruction in light of *Spencer*, we decline to amend the Comments section to include a sentence providing that "mutual combat resulting in death is Manslaughter" citing to *Eiland v. State*, 112 So. 2d 415 (Fla. 2d DCA 1959).

Finally, new instruction 7.13 covers the reclassification statute, section 782.065, Florida Statutes, and is based upon our decision in *Ramroop*. In the opening portion of the instruction, an italicized note to the trial judge explains what is required for the reclassification:

> *In Ramroop v. State, 214 So. 3d 657 (Fla. 2017), the Florida Supreme Court held that § 782.065(2), Fla. Stat. is a reclassification statute*

*that creates a substantive offense. Accordingly, the trial judge should add the three elements below to the elements section of the appropriate Murder crime (See Instruction 7.2, 7.3, 7.4, 7.5, or 7.6).*

Instruction 7.13 then includes the three elements that the jury must find for the reclassification, including that the victim was an LEO, etc., that the defendant knew the victim was an LEO, etc., and that the victim was engaged in the lawful performance of a legal duty.

Having considered the Committee's report and the comment submitted by FPDA, we authorize for publication and use new and amended instructions 6.2, 6.3, 6.3(a), 6.4, 6.6, 6.7, 7.2, 7.3, 7.4, 7.5, 7.6, 7.7(a), and 7.13, as proposed, and amended instruction 7.7 as modified by the Court, and as set forth in the appendix to this opinion.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested

_____

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

for Petitioner

## 6.2 ATTEMPTED MURDER — FIRST DEGREE (PREMEDITATED)
§§ 782.04(1)(a) and 777.04, Fla. Stat.

*In the absence of an express concession that the attempted homicide was not excusable or justified, the trial judge must also read Instruction 6.1, Introduction to Attempted Homicide.*

**To prove the crime of Attempted First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **did some act intended to cause the death of** (victim) **that went beyond just thinking or talking about it.**

2. (Defendant) **acted with a premeditated design to kill** (victim)**.**

3. **The act would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

*Definition.*
**A premeditated design to kill means that there was a conscious decision to kill. The decision must be present in the mind at the time the act was committed. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the act. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the act was committed.**

**The question of premeditation is a question of fact to be determined by you from the evidence. It will be sufficient proof of premeditation if the circumstances of the attempted killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the attempted killing.**

**It is not an attempt to commit first degree premeditated murder if the defendant abandoned [his] [her] attempt to commit the offense or otherwise**

**~~prevented its commission, under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.~~**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*

**An issue in this case is whether** (defendant) **did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation:**

    a.     **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

    b.     **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

    c.     **there was not a reasonable amount of time for a reasonable person to cool off; and**

    d.     **a reasonable person would not have cooled off before committing the act that constituted the attempt to cause death; and**

    e.     **~~the~~** (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that constituted the attempt to cause the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant acted with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Attempted First Degree <u>Premeditated </u>Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*

**If you find the defendant guilty of Attempted First Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

## Lesser Included Offenses

| ATTEMPTED FIRST DEGREE (PREMEDITATED) MURDER — 782.04(1) and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Attempted second degree (depraved mind) murder | | 782.04(2) and 777.04 | 6.4 |
| Attempted manslaughter by act | | 782.07 and 777.04 | 6.6 |
| Attempted aggravated battery (intentionally cause great bodily harm) | | 784.045(1)(a)1 and 777.04 | 8.4 and 5.1 |
| Attempted battery (intentionally cause bodily harm) | | 784.03(1)(a)2 and 777.04 | 8.3 and 5.1 |
| | Attempted felony murder | 782.051(1) | 6.3 |
| | Attempted felony murder | 782.051(2) | 6.3 |
| | Attempted felony murder | 782.051(3) | 6.3(a) |
| | Aggravated battery | 784.045 | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge

~~requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.~~

See Instruction 5.1 for the affirmative defense of renunciation.

See Instruction 6.7 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

A charging document that tracks the language of the Attempted First-Degree Premeditated Murder statute does not charge Attempted Felony Murder. *See Weatherspoon v. State*, 214 So. 3d 578 (Fla. 2017).

This instruction was adopted in 1994 [636 So. 2d 502] and amended in 2014 [137 So. 3d 995] and 2018.

## 6.3 ATTEMPTED FELONY MURDER
## [ENUMERATED FELONY] [NON-ENUMERATED FELONY]
§ 782.051(1) and (2), Fla. Stat.

*In the absence of an express concession that the attempted homicide was not excusable or justified, the trial judge must also read Instruction 6.1, Introduction to Attempted Homicide.*

**To prove the crime of Attempted Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.  (Defendant) **[committed] [attempted to commit] a** (crime alleged)**.**

2.  **While engaged in the [commission] [attempted commission] [escape from the immediate scene] of** (crime alleged)**, the defendant [committed] [aided or abetted] an intentional act that is not an essential element of** (crime alleged)**.**

3.  **This intentional act could have but did not cause the death of** (victim)**.**

(Crime alleged) **is defined by Florida law as** (define the crime)**.**

**In order to convict the defendant of Attempted Felony Murder, it is not necessary for the State to prove that [he] [she] had a premeditated design or intent to kill.**

*If the underlying felony or attempted felony is charged as a separate count, read instruction 3.12(d) (Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of Attempted Felony Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

~~"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.~~

~~"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.~~

~~"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.~~

~~"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.~~

~~"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.~~

**"Auxiliary correctional officer"** ~~means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.~~

**Lesser Included Offenses**

| 6.3 ATTEMPTED FELONY MURDER [ENUMERATED FELONY] [NON-ENUMERATED FELONY] — § 782.051(1) and (2)~~, Fla. Stat.~~ | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Attempted Manslaughter By Act | | 782.07 & 777.04 | 6.6 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comment~~s~~**

~~Section~~ § 782.051(1), Fla. Stat., applies where the defendant is alleged to have committed or attempted to commit a felony enumerated in ~~section~~ § 782.04(3), Fla. Stat.

~~Section~~ § 782.051(2), Fla. Stat., applies where the defendant is alleged to have committed or attempted to commit a felony not enumerated in ~~section~~ § 782.04(3), Fla. Stat.

~~Regarding the enhanced penalty under Fla. Stat. § 782.065 the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based~~

on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

A charging document that tracks the language of the Attempted First-Degree Premeditated Murder statute does not charge Attempted Felony Murder. *See Weatherspoon v. State*, 214 So. 3d 578 (Fla. 2017).

See Instruction 5.1 for the affirmative defense of renunciation.

See Instruction 6.7 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2014 [137 So. 3d 995] and 2018. *See Battle v. State*, 911 So. 2d 85 (Fla. 2005).

## 6.3(a) ATTEMPTED FELONY MURDER — INJURY CAUSED BY ANOTHER
§ 782.051(3) Fla. Stat.

*In the absence of an express concession that the attempted homicide was not excusable or justified, the trial judge must also read Instruction 6.1, Introduction to Attempted Homicide.*

**To prove the crime of Attempted Felony Murder, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **[committed] [attempted to commit] a** (crime alleged)**.**

2. (Victim) **was injured during the [commission] [attempted commission] of an escape from the immediate scene of the** (crime alleged) **by an individual other than the person(s) [committing] [attempting to commit] [escaping from the immediate scene of] the** (crime alleged)**.**

(Crime alleged) **is defined by Florida law as** (define the crime)**.**

**In order to convict the defendant of ~~a~~Attempted ~~f~~Felony ~~m~~Murder, it is not necessary for the state to prove that the defendant had a premeditated design or intent to kill.**

*If the underlying felony or attempted felony is charged as a separate count, read instruction 3.12(d) (Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*~~§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.~~*
**~~If you find the defendant guilty of Attempted Felony Murder, you must then determine whether the State has further proven beyond a reasonable doubt that~~** ~~(victim)~~ **~~was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.~~**

*~~Definitions. § 943.10, Fla. Stat.~~*
**~~"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.~~**

**~~"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.~~**

"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

| 6.3(a) ATTEMPTED FELONY MURDER – INJURY CAUSED BY ANOTHER — § 782.051(3) ~~Fla. Stat.~~ | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempted Manslaughter by Act | 782.07 & 777.04 | 6.6 |

### Comments

~~Section~~ § 782.051(3), Fla. Stat., applies only where the defendant was committing or attempting to commit a felony enumerated in ~~section~~ § 782.04(3), Fla. Stat.

~~Regarding the enhanced penalty under Fla. Stat. § 782.065 the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.~~

A charging document that tracks the language of the Attempted First-Degree Premeditated Murder statute does not charge Attempted Felony Murder. *See Weatherspoon v. State*, 214 So. 3d 578 (Fla. 2017).

See Instruction 5.1 for the affirmative defense of renunciation.

See Instruction 6.7 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 2007 [962 So. 2d 310] and amended in 2014 [137 So. 3d 995] and 2018.

## 6.4 ATTEMPTED SECOND DEGREE MURDER
§§ 782.04(2) and 777.04, Fla. Stat.

*In the absence of an express concession that the attempted homicide was not excusable or justified, the trial judge must also read Instruction 6.1, Introduction to Attempted Homicide.*

**To prove the crime of Attempted Second Degree Murder, the State must prove the following two elements beyond a reasonable doubt:**

1.  (Defendant) **intentionally committed an act which would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

2.  **The act was imminently dangerous to another and demonstrating a depraved mind without regard for human life.**

*Definitions.*
**An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

**An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:**

1.  **a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and**

2.  **is done from ill will, hatred, spite, or an evil intent, and**

- 21 -

**3.** is of such a nature that the act itself indicates an indifference to human life.

In order to convict the defendant of Attempted Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.

~~It is not an attempt to commit second degree murder if the defendant abandoned the attempt to commit the offense or otherwise prevented its commission under circumstances indicating a complete and voluntary renunciation of [his] [her] criminal purpose.~~

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*

An issue in this case is whether (defendant) **did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation:**

a. there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and

b. a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and

c. there was not a reasonable amount of time for a reasonable person to cool off; and

d. a reasonable person would not have cooled off before committing the act that would have resulted in death; and

e. ~~the~~ (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that would have resulted in the death of** (victim)**.**

- 22 -

**If you have a reasonable doubt about whether the defendant had a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Attempted Second Degree Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
~~**If you find the defendant guilty of Attempted Second Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**~~

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
~~**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**~~

~~**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**~~

~~**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary**~~

- 23 -

responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or

**part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

**Lesser Included Offenses**

| ATTEMPTED SECOND DEGREE MURDER — 782.04(2) and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Attempted manslaughter by act | | 782.07 and 777.04 | 6.6 |
| | Aggravated battery | 784.045 | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comment~~s~~**

~~Regarding the enhanced penalty under Fla. Stat. § 782.065 the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.~~

See Instruction 5.1 for the affirmative defense of renunciation.

See Instruction 6.7 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1994 and amended in 1997 [697 So. 2d 84], ~~and~~ 2014 [137 So. 3d 995] and 2018.

## 6.6 ATTEMPTED MANSLAUGHTER BY ACT
§§ 782.07 and 777.04, Fla. Stat.

**To prove the crime of Attempted Manslaughter by Act, the State must prove the following element beyond a reasonable doubt:**

(Defendant) **intentionally committed an act [or procured the commission of an act], which would have resulted in the death of** (victim) **except that someone prevented** (defendant) **from killing** (victim) **or [he] [she] failed to do so.**

**However, the defendant cannot be guilty of Attempted Manslaughter by Act by committing a merely negligent act. ~~Each of us~~Every person has a duty to act reasonably and use ordinary care toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.**

*Give only ~~if procurement is alleged and proven~~if applicable.*
**To "procure" means to persuade, induce, prevail upon, or cause a person to do something.**

*It is fundamental error not to instruct on justifiable attempted homicide and excusable attempted homicide in the absence of an express concession that the attempted homicide was not excusable or justified. See State v. Spencer, 216 So. 3d 481 (Fla. 2017).*
**In order to convict of Attempted Manslaughter by Act it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act which would have caused death and was not justifiable or excusable attempted homicide, as I have previously instructed you.** *(The explanations of justifiable attempted homicide and excusable attempted homicide are in Instruction 6.1, Introduction to Attempted Homicide.)*

**Lesser Included Offenses**

| ATTEMPTED MANSLAUGHTER BY ACT—782.07 and 777.04 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~None~~<u>Attempted aggravated battery (intentionally cause great bodily harm)</u> | | <u>784.045(1)(a) 1 and 777.04</u> | <u>8.4 and 5.1</u> |
| <u>Attempted battery (intentionally cause bodily harm)</u> | | <u>784.03(1)(a)2 and 777.04</u> | <u>8.3 and 5.1</u> |
| | Aggravated Battery | 784.045 | 8.4 |
| | Felony Battery | 784.041 | 8.5 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

In the event of any reinstruction on attempted manslaughter by act, the instructions on justifiable and excusable attempted homicide as previously given should be given at the same time. *Hedges v. State,* 172 So. 2d 824 (Fla. 1965).

There is no crime of attempted manslaughter by culpable negligence. *See Taylor v. State*, 444 So. 2d 931 (Fla. 1983).

See Instruction 5.1 for the affirmative defense of renunciation.

This instruction was adopted in 1994 [636 So. 2d 502] and amended in 2014 [132 So. 3d 1124], ~~and~~ 2017 <u>[213 So. 3d 680], and 2018</u>.

## 6.7 ATTEMPTED MURDER — RECLASSIFIED (BY VICTIM'S EMPLOYMENT AS LAW ENFORCEMENT OFFICER, CORRECTIONAL OFFICER, ETC.)
§ 782.065, Fla. Stat.

*In Ramroop v. State, 214 So. 3d 657 (Fla. 2017), the Florida Supreme Court held that § 782.065(2), Fla. Stat. is a reclassification statute that creates a substantive offense. Accordingly, the trial judge should add the three elements below to the elements section of the appropriate Attempted Murder crime (See Instruction 6.2, 6.3, 6.3(a), or 6.4.)*

(Victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer].**

(Defendant) **knew that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer].**

(Victim) **was engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat. Give as applicable.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the State or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency"** means any agency or unit of government or any municipality or the State or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the State or county for the operation and maintenance of a nonjuvenile detention facility.

**"Correctional officer"** means any person who is appointed or employed full time by the State or any political subdivision thereof, or by any private entity which has contracted with the State or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

**"Correctional probation officer"** means a person who is employed full time by the State whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

**"Part-time law enforcement officer"** means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State.

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

### Lesser Included Offenses

| ATTEMPTED FIRST DEGREE PREMEDITATED MURDER RECLASSIFIED — 782.04(1), 777.04, and 782.065 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Attempted First Degree Premeditated Murder | | 782.04(1) and 777.04 | 6.2 |
| Attempted Second Degree Murder – Reclassified | | 782.04, 777.04, and 782.065 | 6.4 and 6.7 |
| Attempted Second Degree Murder | | 782.04(2) and 777.04 | 6.4 |
| Attempted Manslaughter by Act | | 782.07 and 777.04 | 6.6 |
| Attempted aggravated battery (intentionally cause great bodily harm) | | 784.045(1)(a)1 and 777.04 | 8.4 and 5.1 |
| Attempted battery (intentionally cause bodily harm) | | 784.03(1)(a)2 and 777.04 | 8.3 and 5.1 |

- 30 -

| | | | |
|---|---|---|---|
| | Attempted felony murder - reclassified | 782.051(1) and 782.065 | 6.3 and 6.7 |
| | Attempted felony murder | 782.051(1) | 6.3 |
| | Attempted felony murder -reclassified | 782.051(2) and 782.065 | 6.3 and 6.7 |
| | Attempted felony murder | 782.051(2) | 6.3 |
| | Attempted felony murder- reclassified | 782.051(3) and 782.065 | 6.3(a) and 6.7 |
| | Attempted felony murder | 782.051(3) | 6.3(a) |
| | Aggravated battery | 784.045 | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

The reclassification in § 782.065, Fla. Stat., does not apply to the lesser-included offense of Attempted Manslaughter by Act.

This instruction was adopted in 2018.

## 7.2 MURDER — FIRST DEGREE
§ 782.04(1)(a), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

*When there will be instructions on both premeditated and first-degree felony murder, the following explanatory paragraph should be read to the jury.*
**There are two ways in which a person may be convicted of commit fFirst dDegree mMurder. One is known as First Degree pPremeditated mMurder and the other is known as First Degree fFelony mMurder.**

**To prove the crime of First Degree Premeditated Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Victim) **is dead.**

2.      **The death was caused by the criminal act of** (defendant)**.**

3.      **There was a premeditated killing of** (victim)**.**

*Definitions.*
**An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

**"Killing with premeditation" is killing after consciously deciding to do so.  The decision must be present in the mind at the time of the killing.  The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing.  The period of time must be long enough to allow reflection by the defendant.  The premeditated intent to kill must be formed before the killing.**

**The question of premeditation is a question of fact to be determined by you from the evidence.  It will be sufficient proof of premeditation if the circumstances of the killing and the conduct of the accused convince you beyond a reasonable doubt of the existence of premeditation at the time of the killing.**

~~*Transferred intent. Give if applicable.*~~
~~**If a person has a premeditated design to kill one person and in attempting to kill that person actually kills another person, the killing is premeditated.**~~

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*
**An issue in this case is whether** (defendant) **did not act with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not act**

with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation:

a.     there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and

b.     a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and

c.     there was not a reasonable amount of time for a reasonable person to cool off; and

d.     a reasonable person would not have cooled off before committing the act that caused death; and

e.     ~~the~~ (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that caused the death of** (victim)**.**

If you have a reasonable doubt about whether the defendant acted with a premeditated design to kill because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of First Degree Premeditated Murder.

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
~~**If you find the defendant guilty of First Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**~~

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
~~**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political**~~

- 33 -

subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.

"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.

"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make

**arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.**

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

| FIRST DEGREE (PREMEDITATED) MURDER — 782.04(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Second degree (depraved mind) murder | | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Second degree (felony) murder | 782.04(3) | 7.5 |

| | | | |
|---|---|---|---|
| | Attempted felony murder | 782.051(1) | 6.3 |
| | Attempted premeditated murder | 782.04(1) | 6.2 |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Attempted second degree murder | 782.04(2) & 777.04 | 6.4 |
| | Attempted felony murder | 782.051(2) | 6.3 |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Vehicular homicide | 782.071 | 7.9 |
| | Attempted felony murder | 782.051(3) | 6.3(a) |
| | Aggravated battery | 784.045 | 8.4 |
| | Attempted Manslaughter by Act | 782.07 & 777.04 | 6.6 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Culpable negligence | 784.05(2) | 8.9 |
| | Culpable negligence | 784.05(1) | 8.9 |
| | Assault | 784.011 | 8.1 |

## Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065 the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement

officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

If the case involves transferred intent, insert Instruction 3.6(o).

See Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and was amended in October 1981, 2008 [994 So. 2d 1038], and 2014 [137 So. 3d 995], and 2018.

## 7.3 FELONY MURDER — FIRST DEGREE
§ 782.04(1)(a), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of First Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.    (Victim) **is dead.**

*Give 2a, 2b, and/or 2c as applicable.*
2.    a.    **While engaged in the commission of a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's**) accomplice] caused the death of** (victim)**.**

      b.    **While engaged in the attempt to commit a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's**) accomplice] caused the death of** (victim)**.**

- 37 -

> c. **While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's) **accomplice] caused the death of** (victim)**.**

*Give 3a if defendant was the person who actually killed the deceased.*

**3. a.** [(Defendant) **was the person who actually killed** (victim)**.**]

*Give 3b if defendant was not the person who actually killed the deceased.*

**b.** [(Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in the commission of** (crime alleged)**.**]

**In order to convict the defendant of First Degree Felony Murder, it is not necessary for the State to prove that the defendant had a premeditated design or intent to kill.**

1. *Define the crime alleged. If Burglary, also define crime that was the object of burglary.*

2. *If 2b above is given, also define "attempt" (see 5.1).*

3. *If 3b is given, immediately give principal instruction (3.5(a)).*

4. *Since the statute does not require its proof, it is not necessary to define "premeditation."*

5. *If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*

**If you find the defendant guilty of first degree felony murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional**

**probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of**

correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

## Lesser Included Offenses

| FIRST DEGREE (FELONY) MURDER — 782.04(1)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| | Second degree (depraved mind) murder | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Second degree (felony) murder | 782.04(3) | 7.5 |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Aggravated battery | 784.045 | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge

requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

See Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and was amended in 1985, 1992 [603 So. 2d 1175], 2011 [53 So. 3d 1017], and 2014 [146 So. 3d 1110], and 2018.


# 7.4 MURDER — SECOND DEGREE
§ 782.04(2), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:**

1. (Victim) **is dead.**

2. **The death was caused by the criminal act of** (defendant)**.**

3. **There was an unlawful killing of** (victim) **by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.**

*Definitions.*
**An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

**An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:**

1. **a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and**

2. **is done from ill will, hatred, spite, or an evil intent, and**

**3.** **is of such a nature that the act itself indicates an indifference to human life.**

**In order to convict of Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*

**An issue in this case is whether** (defendant) **did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation:**

> **a.** **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

> **b.** **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

> **c.** **there was not a reasonable amount of time for a reasonable person to cool off; and**

> **d.** **a reasonable person would not have cooled off before committing the act that caused death; and**

> **e.** ~~**the**~~ (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that caused the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant had a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Second Degree Murder.**

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*

**If you find the defendant guilty of Second Degree Murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

**Lesser Included Offenses**

| SECOND DEGREE (DEPRAVED MIND) MURDER — 782.04(2) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Vehicular homicide | 782.071 | 7.9 |
| | (Nonhomicide lessers) Attempted Second Degree Murder | 777.04(1) | 6.4 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Attempted Manslaughter by Act | 782.07 and 777.04 | 6.6 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Culpable negligence | 784.05(2) | 8.9 |
| | Culpable negligence | 784.05(1) | 8.9 |
| | Assault | 784.011 | 8.1 |

**Comments**

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based

~~on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.~~

See Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and amended in 1997 [697 So. 2d 84], 2008 [994 So. 2d 1038], ~~and~~ 2014 [137 So. 3d 995], and 2018.

## 7.5 FELONY MURDER — SECOND DEGREE
§ 782.04(3), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Second Degree Felony Murder, the State must prove the following four elements beyond a reasonable doubt:**

1. (Victim) **is dead.**

2. (Defendant) **was not the person who actually killed** (victim)**, but** (defendant) **did commit or did knowingly aid, abet, counsel, hire, or otherwise procure the commission of a[n]** (felony alleged)**.**

*Give 3a, 3b, and/or 3c as applicable.*

3. a. (Victim's) **death was caused during and was a consequence of the commission of the** (felony alleged)**.**

   b. (Victim's) **death was caused during and was a consequence of the attempted commission of the** (felony alleged)**.**

   c. (Victim's) **death was caused during and was a consequence of the escape from the immediate scene**

>   **of the** [(felony alleged)] **[attempt to commit the** (felony alleged)**].**

3.  **The person who actually killed** (victim) **was not involved in the commission or the attempt to commit the** (crime alleged)**.**

1.  *Define the crime alleged. If Burglary, also define crime that was object of burglary.*

2.  *If 3b above is given, also define "attempt" (see 5.1).*

3.  *If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of second degree felony murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.

"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

| SECOND DEGREE (FELONY) MURDER — 782.04(3) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA.STAT. | INS. NO. |
| Manslaughter* | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder | 782.04(4) | 7.6 |

### Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the

victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

*Avila v. State, 745 So. 2d 983 (Fla. 4th DCA 1999) indicates that manslaughter is not a Category One lesser included offense of second degree felony murder, but see State v. Montgomery, 39 So. 3d 252 (Fla. 2010).

See Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], and 2014 [146 So. 3d 1110], and 2018.


# 7.6 FELONY MURDER — THIRD DEGREE
§ 782.04(4), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Third Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Victim) **is dead.**

*Give 2a, 2b, and/or 2c as applicable.*
2.      a.      **While engaged in the commission of a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice)] caused the death of** (victim)**.**

        b.      **While engaged in the attempt to commit a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice)] caused the death of** (victim)**.**

**c.** **While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's) **accomplice] caused the death of** (victim)**.**

*Give 3a if defendant was the person who actually killed the deceased.*
**3.** **a.** [(Defendant) **was the person who actually killed** (victim)**.**]

*Give 3b if defendant was not the person who actually killed the deceased.*
**b.** [(Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in the commission of** (crime alleged)**.**]

**It is not necessary for the State to prove the killing was perpetrated with a design to effect death.**

1. *Define the crime alleged.*

2. *If 2b above is given, also define "attempt" (see 5.1).*

3. *If 3b is given, immediately give principal instruction (3.5(a)).*

4. *If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065(2), Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of third degree felony murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat.*

**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

- 53 -

**"Part-time law enforcement officer"** means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.

**Lesser Included Offenses**

| THIRD DEGREE (FELONY) MURDER — 782.04(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Manslaughter | | 782.07 | 7.7 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of February 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

See Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and amended in 1992 [603 So. 2d 1775], 1994 [639 So. 2d 602], and 2014 [146 So. 3d 1110], and 2018.

## 7.7 MANSLAUGHTER
§ 782.07, Fla. Stat.

**To prove the crime of Manslaughter, the State must prove the following two elements beyond a reasonable doubt:**

1.    (Victim) **is dead.**

*Give 2a, 2b, and/or 2c depending upon allegations and proof.*

2.    **a.**    (Defendant) **intentionally committed an act or acts that caused the death of** (victim)**.**

      **b.**    (Defendant) **intentionally procured an act that caused the death of** (victim)**.**

      **c.**    **The death of** (victim) **was caused by the culpable negligence of** (defendant)**.**

- 55 -

*It is fundamental error not to instruct on justifiable and excusable homicide in the absence of an express concession that the homicide was not excusable or justified. See State v. Spencer, 216 So. 3d 481 (Fla. 2017).*

**Every person has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.** **The defendant cannot be guilty of ~~m~~Manslaughter by committing a merely negligent act or if the killing was either justifiable or excusable homicide, as I have previously instructed you.** *(The explanations of justifiable homicide and excusable homicide are in Instruction 7.1, Introduction to Homicide.)*

~~Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence.~~

*Give only if 2a alleged and proved.*
**In order to convict of ~~m~~Manslaughter by act, it is not necessary for the State to prove that the defendant had an intent to cause death, only an intent to commit an act that was not merely negligent, justified, or excusable and which caused death.**

*Give only if 2b ~~alleged and proved~~is applicable.*
**To "procure" means to persuade, induce, prevail upon or cause a person to do something.**

*Give only if 2c ~~alleged and proved~~is applicable.*
**I will now define "culpable negligence" for you. ~~Each of us~~ As I have said, every person has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an**

**indifference to the rights of others as is equivalent to an intentional violation of such rights.**

**The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.**

## Lesser Included Offenses

| MANSLAUGHTER - 782.07 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Vehicular homicide | 782.071 | 7.9 |
| | Vessel homicide | 782.072 | 7.9 |
| | (Nonhomicide lessers*) Attempt | 777.04(1) | 5.1 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |
| | Culpable negligence | 784.05 | 8.9 |

## Comments

*Non-homicide lesser-included offenses do not have to be given if the parties agree that causation is not in dispute and that the victim is dead.

In the event of any reinstruction on manslaughter, the instructions on justifiable and excusable homicide as previously given should be given at the same time. *Hedges v. State*, 172 So. 2d 824 (Fla. 1965).

In appropriate cases, an instruction on transferred intent should be given.

*See Eversley v. State*, 748 So. 2d 963 (Fla. 1999), in any case in which causation is an issue to determine if a special jury instruction on causation is needed.

Assisting a suicide is Manslaughter, according to § 782.08, Fla. Stat. A special instruction will be needed in those cases.

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1992 [603 So. 2d 1175], 1994 [636 So. 2d 502], 2005 [911 So. 2d 1220], 2006 [946 So. 2d 1061], 2008 [997 So. 2d 403], 2010 [41 So. 3d 853], 2011 [75 So. 3d 210], ~~and~~ 2017 [213 So. 3d 680], and 2018.

## 7.7(a) AGGRAVATED MANSLAUGHTER
§ 782.07(2), § 782.07(3), and § 782.07(4), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Aggravated Manslaughter, the State must prove the following three elements beyond a reasonable doubt:**

1. (Victim) **is dead.**

2. **The death of** (victim) **was caused by the culpable negligence of** (defendant)**.**

*Give 3a or 3b as applicable.*

3. a. (Victim) **was at the time [an elderly person] [a disabled adult] [a child] and** (victim's) **death was caused by the neglect of** (defendant)**, a caregiver for** (victim)**.**

   b. (Victim) **was [an officer] [a firefighter] [an emergency medical technician] [a paramedic] who was at the time performing duties that were within the course of [his] [her] employment.**

**~~Each of us~~Every person has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. The defendant cannot be guilty of Aggravated**

- 58 -

**Mmanslaughter by causing a death because of a merely negligent act. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard for the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights. The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.**

**The defendant cannot be guilty of <u>Aggravated Mm</u>anslaughter if the killing was either justifiable or excusable homicide, as I have previously instructed you.** *(The explanations of justifiable homicide and excusable homicide are in Instruction 7.1, Introduction to Homicide.)*

*Definitions. Give as applicable.*
*§ 825.101(4), Fla. Stat.*
**"Elderly person" means a person 60 years of age or older who is suffering from the infirmities of aging as manifested by advanced age, organic brain damage, or physical, mental, or emotional dysfunctioning, to the extent that the ability of the person to provide adequately for the person's own care or protection is impaired.**

*§ 825.101(3), Fla. Stat.*
**"Disabled adult" means a person 18 years of age or older who suffers from a condition of physical or mental incapacitation due to developmental disability, organic brain damage, or mental illness, or who has one or more physical or mental limitations that restrict the person's ability to perform the normal activities of daily living.**

*§ 827.01(2), Fla. Stat.*
**"Child" means any person under the age of 18 years.**

*As applied to an Elderly Person or a Disabled Adult. § 825.101(2), Fla. Stat.*
**"Caregiver" means a person who has been entrusted with or has assumed responsibility for the care or the property of an elderly person or a disabled adult. "Caregiver" includes, but is not limited to, relatives, court-appointed or voluntary guardians, adult household members, neighbors, health care providers, and employees and volunteers of facilities.**

*§ 825.101(6), Fla. Stat.*
**"Facility" means any location providing day or residential care or treatment for elderly persons or disabled adults. The term "facility" may include, but is not limited to, any hospital, training center, state institution, nursing home, assisted living facility, adult family-care home, adult day care center, group home, mental health treatment center, or continuing care community.**

*As applied to a Child. § 827.01(1), Fla. Stat.*
**"Caregiver" means a parent, adult household member, or other person responsible for a child's welfare.**

*§ 825.102(3)(a) or § 827.03(3)(e), Fla. Stat.*
**"Neglect of [a child"] [an elderly person"] [a disabled adult"] means:**

1. **A caregiver's failure or omission to provide [a child] [an elderly person] [a disabled adult] with the care, supervision, and services necessary to maintain [a child's] [an elderly person's] [a disabled adult's] physical and mental health, including, but not limited to, food, nutrition, clothing, shelter, supervision, medicine, and medical services that a prudent person would consider essential for the well-being of the [child] [elderly person] [disabled adult];**

   **or**

2. **A caregiver's failure to make reasonable effort to protect [a child] [an elderly person] [a disabled adult] from abuse, neglect or exploitation by another person.**

**Neglect may be based on repeated conduct or on a single incident or omission by a caregiver that results in, or could reasonably be expected to result in, serious physical or [psychological] [mental] injury, or a substantial risk of death to [a child] [an elderly person] [a disabled adult].**

*Definitions. As applied to Designated Personnel.*
*§ 943.10(14), Fla. Stat. See § 943.10, Fla. Stat., for further definitions.*
**"Officer" means any person employed or appointed as a full-time, part-time or auxiliary law enforcement officer, correctional officer, or correctional probation officer.**

*§ 112.191 and § 633.35, Fla. Stat.*
**"Firefighter" means any full-time duly employed uniformed firefighter employed by an employer, whose primary duty is the prevention and extinguishing of fires, the protection of life and property therefrom, the enforcement of municipal, county, and state fire prevention codes, as well as the enforcement of any law pertaining to the prevention and control of fires, who is certified by the Division of State Fire Marshal of the Department of Financial Services, who is a member of a duly constituted fire department of such employer or who is a volunteer firefighter.**

*§ 401.23, Fla. Stat.*
**"Emergency Medical Technician" means a person who is certified by the Department of Health to perform basic life support.**

*§ 401.23, Fla. Stat.*
**"Paramedic" means a person who is certified by the Department of Health to perform basic and advanced life support.**

## Lesser Included Offenses

| AGGRAVATED MANSLAUGHTER — 782.07(2), 782.07(3), AND 782.07(4) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| Manslaughter | | 782.07 | 7.7 |
| *Neglect by Culpable Negligence of a[n] [Elderly Person] [Disabled Adult] [Child] Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement | | 825.102(3)(b) or 827.03(2)(b) | 29.22 or 16.5 |
| *Neglect by Culpable Negligence of a[n] [Elderly Person] [Disabled Adult] [Child] Without Causing Great Bodily Harm, Permanent Disability, or Permanent Disfigurement | | 825.102(3)(c) or 827.03(2)(d) | 29.22 or 16.6 |
| *Culpable Negligence Inflicting Injury | | 784.05(2) | 8.9 |
| *Culpable Negligence Exposing Another to Injury | | 784.05(1) | 8.9 |

## Comments

*Non-homicide lesser-included offenses do not have to be given if the parties agree causation is not in dispute and that the victim is dead.

There is no statutory requirement that the defendant have knowledge of victim's status and as of ~~November 2015~~August 2017, there was no case law addressing that issue.

This instruction was adopted in 2017 [213 So. 3d 680] and amended in 2018.

- 62 -

## 7.13 MURDER – RECLASSIFIED (BY VICTIM'S EMPLOYMENT AS LAW ENFORCEMENT OFFICER, CORRECTIONAL OFFICER, ETC.)
§ 782.065, Fla. Stat.

*In Ramroop v. State, 214 So. 3d 657 (Fla. 2017), the Florida Supreme Court held that § 782.065(2), Fla. Stat. is a reclassification statute that creates a substantive offense. Accordingly, the trial judge should add the three elements below to the elements section of the appropriate Murder crime (See Instruction 7.2, 7.3, 7.4, 7.5, or 7.6).*

(Victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer].**

(Defendant) **knew that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer].**

(Victim) **was engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat. Give as applicable.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the State or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency"** means any agency or unit of government or any municipality or the State or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the State or county for the operation and maintenance of a nonjuvenile detention facility.

**"Correctional officer"** means any person who is appointed or employed full time by the State or any political subdivision thereof, or by any private entity which has contracted with the State or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

**"Correctional probation officer"** means a person who is employed full time by the State whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

**"Part-time law enforcement officer"** means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the State.

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

| FIRST DEGREE PREMEDITATED MURDER RECLASSIFIED — 782.04(1)(a) and 782.065 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| First Degree Premeditated Murder | | 782.04(1)(a) | 7.2 |
| Second Degree Murder – Reclassified | | 782.04(2) and 782.065 | 7.4 and 7.13 |
| Second Degree Murder | | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Second Degree (Felony) Murder – Reclassified | 782.04(3) and 782.065 | 7.5 and 7.13 |
| | Second Degree (Felony) Murder | 782.04(3) | 7.5 |

| | | | |
|---|---|---|---|
| | Attempted Felony Murder - Reclassified | 782.051(1) and 782.065 | 6.3 and 6.7 |
| | Attempted Felony Murder | 782.051(1) | 6.3 |
| | Attempted Premeditated Murder - Reclassified | 782.041(1), 777.04, and 782.065 | 6.2 and 6.7 |
| | Attempted Premeditated Murder | 782.04(1) and 777.04 | 6.7 |
| | Attempted Second Degree Murder - Reclassified | 782.04(2), 777.04, and 782.065 | 6.4 and 6.7 |
| | Attempted Second Degree Murder | 782.04(2), 777.04 | 6.4 |
| | Attempted Felony Murder- Reclassified | 782.05(2) and 782.065 | 6.3 and 6.7 |
| | Attempted Felony Murder | 782.051(2) | 6.3 |
| | Third Degree Felony Murder - Reclassified | 782.04(4) and 782.065 | 7.6 and 7.13 |
| | Third Degree Felony Murder | 782.04(4) | 7.6 |
| | Vehicular Homicide | 782.071 | 7.5 |
| | Attempted Felony Murder - Reclassified | 782.051(3) and 782.065 | 6.3(a) and 6.7 |
| | Attempted Felony Murder | 782.051(3) | 6.3(a) |
| | Aggravated battery | 784.045 | 8.4 |
| | Attempted Manslaughter by Act | 782.07 and 777.04 | 6.6 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Culpable Negligence | 784.05(2) | 8.9 |
| | Culpable Negligence | | 8.9 |
| | Assault | 784.011 | 8.1 |

## **Comments**

The reclassification in § 782.065, Fla. Stat., does not apply to the lesser included offense of Manslaughter.

This instruction was adopted in 2018.