# Supreme Court of Florida

_____

No. SC18-1666
_____

**IN RE:  STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT 2018-08.**

December 13, 2018

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize for publication and use the amended

standard instructions.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.

The Committee filed a report proposing amendments to standard criminal

jury instructions 7.3 (Felony Murder — First Degree), 7.4 (Murder — Second

Degree), and 10.7(d) (Throwing, Making, Placing, Projecting, or Discharging

Destructive Device).  The proposals were published in *The Florida Bar News*; the

Committee did not receive any comments.

The Committee's proposed amendments to instructions 7.3 and 7.4 derive

from the Court's referral wherein the Committee was requested "to submit a report

proposing amendments to the applicable homicide criminal jury instructions, in

accordance with the Court's recent decision in *Williams v. State*, [242 So. 3d 280] SC17-506 (Fla. Feb. 22, 2018)" and specifically to "consider the holding that *Alleyne v. United States*, 570 U.S. 99 (2013), requires the jury to make the factual finding under section 775.082(1)(b), Florida Statutes (2016), as to whether a juvenile offender actually killed, intended to kill, or attempted to kill the victim." The Committee also considered instruction 10.7 in light of *Williams*, and concluded that that decision did not implicate the instruction, though other proposed changes were made. We authorize the instructions as proposed for publication and use, and discuss the more significant changes as follows.

In *Williams*, the Court considered the following certified question: "Does *Alleyne v. United States*, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed. 2d 314 (2013), require the jury and not the trial court to make the factual finding under section 775.081(1)(b), Florida Statutes (2016), as to whether a juvenile offender actually killed, intended to kill, or attempted to kill the victim?" *Williams*, 242 So. 3d at 282. We answered the question in the affirmative, but concluded that *Alleyne* violations are subject to harmless error review. *Id.* Specifically, the Court stated in pertinent part:

> Because a finding of actual killing, intent to kill, or attempt to kill "aggravates the legally prescribed range of allowable sentences," *Alleyne*, 570 U.S. at 115, 133 S.Ct. 2151, by increasing the sentencing floor from zero to forty years and lengthening the time before which a juvenile offender is entitled to a sentence review from fifteen to twenty-five years, this finding is an "element" of the offense, which

*Alleyne* requires be submitted to a jury and found beyond a reasonable doubt.

*Id.* at 288.  Based on *Williams*, the Committee proposes adding the following note to the trial court and instruction to instruction 7.3:

> *Give if the defendant was a juvenile at the time of the crime alleged. § 775.082(1)(b), Fla. Stat. Williams v. State, 242 So. 3d 280 (Fla. 2018). If the jury were to find the defendant guilty of First Degree Premeditated Murder, the question of whether the defendant intended to kill or attempted to kill would inhere in that verdict. Therefore, the finding below should be made only for cases involving First Degree Felony Murder where it is alleged in the charging document that the defendant actually killed, intended to kill, or attempted to kill the victim. A general verdict for First Degree Murder without a specific finding of premeditation would require the paragraph below to be given.*
> **If you find** (defendant) **guilty of First Degree Felony Murder, you must also determine whether the State proved beyond a reasonable doubt, that [he] [she] [actually killed] [intended to kill] [or] [attempted to kill]** (victim)**.**

We agree with this addition to instruction 7.3 because if a juvenile is found guilty of First Degree Felony Murder, it would not necessarily be evident from the verdict whether the defendant actually killed, intended to kill, or attempted to kill the victim, as required to enhance the juvenile defendant's sentence.  In addition, we modify the proposed italicized paragraph above, as set forth in the appendix to the opinion, to state that whether the defendant intended to kill or attempted to kill would inhere in a First Degree Premeditated Murder case *which did not involve the principals instruction*.  We also refer to the Committee the issue of whether a

- 3 -

similar instruction should be given (and findings made) when the State relies on a principals theory to prove a case of First Degree Premeditated Murder.

With regard to instruction 7.4, the Committee proposes adding the following trial court note and instruction:

> *Give if the defendant was a juvenile at the time of the crime alleged. § 775.082(3), Fla. Stat. Williams v. State, 242 So. 3d 280 (Fla. 2018). The finding below should be made only for cases involving Second Degree Murder where it is alleged in the charging document that the defendant actually killed, intended to kill, or attempted to kill the victim.*
>
> **If you find** (defendant) **guilty of Second Degree Murder, you must also determine whether the State proved beyond a reasonable doubt, that [he] [she] [actually killed] [intended to kill] [or] [attempted to kill]** (victim)**.**

This change is in accord with *Williams* because the Florida Legislature created different sentence review dates depending upon whether the juvenile defendant actually killed, intended to kill, or attempted to kill the victim, applicable to the offense of Second Degree Murder if reclassified as a life felony. *See* § 775.082(3)(a)5, (3)(b)2, Fla. Stat.

Turning to instruction 10.7, the more significant changes include updating the title from "Throwing, Making, Placing, Projecting, or Discharging Destructive Device" to "Possessing, Throwing, Making, Placing, Projecting, or Discharging a Destructive Device Resulting in Death." Also, the concept of "possession," as authorized in *In re Standard Jury Instructions in Criminal Cases—Report 2017-03*, 238 So. 3d 182, 183 (Fla. 2018), is added.

Having considered the Committee's report, we authorize the amended instructions as set forth in the appendix to this opinion, for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. We caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. The instructions as set forth in the appendix shall become effective when this opinion becomes final.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

ANY MOTION FOR REHEARING OR CLARIFICATION MUST BE FILED WITHIN SEVEN DAYS. A RESPONSE TO THE MOTION FOR REHEARING/CLARIFICATION MAY BE FILED WITHIN FIVE DAYS AFTER THE FILING OF THE MOTION FOR REHEARING/CLARIFICATION. NOT FINAL UNTIL THIS TIME PERIOD

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org/jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

EXPIRES TO FILE A REHEARING/CLARIFICATION MOTION AND, IF FILED, DETERMINED.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

     for Petitioner

# APPENDIX

## 7.3 FELONY MURDER — FIRST DEGREE
§ 782.04(1)(a), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of First Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.     (Victim) **is dead.**

*Give 2a, 2b, and/or 2c as applicable.*

2.     **a.     While engaged in the commission of a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

       **b.     While engaged in the attempt to commit a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

       **c.     While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

*Give 3a if defendant was the person who actually killed the deceased.*

3.     **a.     ** (Defendant) **was the person who actually killed** (victim)**.**

*Give 3b if defendant was not the person who actually killed the deceased.*

       **b.     ** (Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in the commission of** (crime alleged)**.**

**In order to convict the defendant of First Degree Felony Murder, it is not necessary for the State to prove that the defendant had a premeditated design or intent to kill.**

1. *Define the ~~crime~~<u>felony</u> alleged. ~~If Burglary, also define crime that was the object of burglary.~~*

2. *If 2b above is given, ~~also~~<u>immediately</u> ~~define~~<u>give the</u> ~~"attempt"~~<u>instruction (</u>~~see~~ 5.1).*

3. *If 3b <u>above</u> is given, immediately give <u>the</u> principal instruction (3.5(a)).*

4. ~~Since the statute does not require its proof, it is not necessary to define "premeditation."~~

~~5~~<u>4</u>. *If the underlying felony is charged as a separate count, read<u>, at an appropriate time,</u> instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

<u>*Give if the defendant was a juvenile at the time of the crime alleged. § 775.082(1)(b), Fla. Stat. Williams v. State, 242 So. 3d 280 (Fla. 2018). If the jury were to find the defendant guilty of First Degree Premeditated Murder in a case where no principals instruction is given, the question of whether the defendant intended to kill or attempted to kill would inhere in that verdict. Therefore, the finding below should be made only for cases involving First Degree Felony Murder where it is alleged in the charging document that the defendant actually killed, intended to kill, or attempted to kill the victim. A general verdict for First Degree Murder without a specific finding of premeditation would require the paragraph below to be given.*</u>
**If you find** (defendant) **guilty of First Degree Felony Murder, you must also determine whether the State proved beyond a reasonable doubt, that [he] [she] [actually killed] [intended to kill] [or] [attempted to kill]** (victim)**.**

## Lesser Included Offenses

| FIRST DEGREE (FELONY) MURDER — 782.04(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| | Second degree (depraved mind) murder | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Second degree (felony) murder | 782.04(3) | 7.5 |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder* | 782.04(4) | 7.6 |
| | Aggravated battery | 784.045 | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

## Comments

~~See~~*See* Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

*In some cases, Third Degree Felony Murder may be a necessary lesser-included offense of First Degree Felony Murder. For example, Third Degree Felony Murder with Child Abuse as the underlying felony may be a necessarily

<u>lesser-included offense of First Degree Felony Murder if Aggravated Child Abuse is the underlying felony.</u>

This instruction was adopted in 1981 and was amended in 1985, 1992 [603 So. 2d 1175], 2011 [53 So. 3d 1017], 2014 [146 So. 3d 1110], ~~and~~ 2018 <u>[236 So. 3d 282], and 2018</u>.

## 7.4 MURDER — SECOND DEGREE
§ 782.04(2), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Second Degree Murder, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

**2.** **The death was caused by the criminal act of** (defendant)**.**

**3.** **There was an unlawful killing of** (victim) **by an act imminently dangerous to another and demonstrating a depraved mind without regard for human life.**

*Definitions.*
**An "act" includes a series of related actions arising from and performed pursuant to a single design or purpose.**

**An act is "imminently dangerous to another and demonstrating a depraved mind" if it is an act or series of acts that:**

**1.** **a person of ordinary judgment would know is reasonably certain to kill or do serious bodily injury to another, and**

**2.** **is done from ill will, hatred, spite, or an evil intent, and**

**3.** **is of such a nature that the act itself indicates an**

- 10 -

**indifference to human life.**

**In order to convict of Second Degree Murder, it is not necessary for the State to prove the defendant had an intent to cause death.**

*Give only if there is evidence that the defendant acted in the heat of passion on legally adequate provocation.*
**An issue in this case is whether** (defendant) **did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation. In order to find that the defendant did not have a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation:**

   a.    **there must have been a sudden event that would have suspended the exercise of judgment in an ordinary reasonable person; and**

   b.    **a reasonable person would have lost normal self-control and would have been driven by a blind and unreasoning fury; and**

   c.    **there was not a reasonable amount of time for a reasonable person to cool off; and**

   d.    **a reasonable person would not have cooled off before committing the act that caused death; and**

   e.    (defendant) **was, in fact, so provoked and did not cool off before [he] [she] committed the act that caused the death of** (victim)**.**

**If you have a reasonable doubt about whether the defendant had a depraved mind without regard for human life because [he] [she] acted in the heat of passion based on adequate provocation, you should not find [him] [her] guilty of Second Degree Murder.**

- 11 -

*Give if the defendant was a juvenile at the time of the crime alleged.*
*§ 775.082(3), Fla. Stat. Williams v. State, 242 So. 3d 280 (Fla. 2018). The finding*
*below should be made only for cases involving Second Degree Murder where it is*
*alleged in the charging document that the defendant actually killed, intended to*
*kill, or attempted to kill the victim.*

**If you find** (defendant) **guilty of Second Degree Murder, you must also determine whether the State proved beyond a reasonable doubt, that [he] [she] [actually killed] [intended to kill] [or] [attempted to kill]** (victim)**.**

**Lesser Included Offenses**

| SECOND DEGREE (DEPRAVED MIND) MURDER — 782.04(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Vehicular homicide | 782.071 | 7.9 |
| | (Nonhomicide lessers) Attempted Second Degree Murder | 777.04(1) | 6.4 |
| | Aggravated Battery | 784.045 | 8.4 |
| | Attempted Manslaughter by Act | 782.07 and 777.04 | 6.6 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated Assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Culpable negligence | 784.05(2) | 8.9 |
| | Culpable negligence | 784.05(1) | 8.9 |
| | Assault | 784.011 | 8.1 |

**Comments**

~~See~~*See* Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and amended in 1997 [697 So. 2d 84], 2008 [994 So. 2d 1038], 2014 [137 So. 3d 995], ~~and~~ 2018 [236 So. 3d 282], and 2018.

**10.7(d) <u>POSSESSING,</u> THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING <u>A</u> DESTRUCTIVE DEVICE <u>RESULTING IN DEATH</u>**
§ 790.161(4), Fla. Stat.

*<u>In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.</u>*

**To prove the crime of** (crime charged)**, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **willfully and unlawfully**

   **[made]**
   **[possessed]**
   **[threw]**
   **[placed]**
   **[projected]**
   **[discharged]**
   **[attempted to [make] [possess] [throw] [place] [project] [discharge]]**

   **a destructive device.**

2. **The act resulted in the death of another <u>person</u>.**

*Definition*

- 13 -

A **"'destructive device"'" is defined as** (adapt from § 790.001(4), Fla._Stat., as required by the allegations)**.**

**"Willfully" means intentionally, knowingly, and purposely.**

*Possession. Give if applicable.*
**To prove** (defendant) **"possessed a destructive device," the State must prove beyond a reasonable doubt that [he] [she] a) knew of the existence of the destructive device and b) intentionally exercised control over that destructive device.**

*Give if applicable.*
**Control can be exercised over a destructive device whether the destructive device is carried on a person, near a person, or in a completely separate location. Mere proximity to a destructive device does not establish that the person intentionally exercised control over the destructive device in the absence of additional evidence. Control can be established by proof that** (defendant) **had direct personal power to control the destructive device or the present ability to direct its control by another.**

*Joint possession. Give if applicable.*
**Possession of a destructive device may be sole or joint, that is, two or more persons may possess a destructive device.**

**Lesser Included Offenses**

| POSSESSING, THROWING, MAKING, PLACING, PROJECTING, OR DISCHARGING DESTRUCTIVE DEVICE — 790.161(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Possessing, throwing, making, placing, projecting, or discharging destructive device <u>resulting in bodily harm</u> | | 790.161(~~1~~3) | 10.7(~~a~~c) |
| Possessing, throwing, making, placing, projecting, or discharging destructive device | | 790.161(~~3~~1) | 10.7(~~e~~a) |
| | Possessing, throwing, making, placing, projecting, or discharging destructive device<u>, etc.</u> | 790.161(2) | 10.7(b) |
| | Aggravated assault | 784.021 | 8.2 |
| | Assault | 784.011 | 8.1 |

**Comment**

This instruction was adopted in 1992 <u>and amended in 2018</u>.