# Supreme Court of Florida

_____

No. SC19-424

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—REPORT 2019-02.**

December 19, 2019

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) has submitted proposed changes to the standard jury instructions and asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Committee proposes amending the following existing standard criminal jury instructions: 7.3 (Felony Murder—First Degree), 7.5 (Felony Murder—Second Degree), and 7.6 (Felony Murder—Third Degree). The Committee published its proposal to amend instruction 7.3 in *The Florida Bar News*. No comments were received by the Committee. The Committee's report follows this Court's referral arising from the Court's decision in *In re Standard Jury Instructions in Criminal Cases—Report 2018-08*, 259 So. 3d 754, 756 (Fla. 2018).

The only change to the instructions which merits discussion pertains to instruction 7.3. In our earlier case, we modified the italicized note pertaining to *Williams v. State*, 242 So. 3d 280 (Fla. 2018). *In re Std. Jury Instrs. in Criminal Cases—Report 2018-08*, 259 So. 3d at 756. Upon further consideration, we reauthorize instruction 7.3 for publication and use without that language previously added on the Court's own motion.

Having considered the Committee's report, we authorize for publication and use amended instructions 7.3, 7.5, and 7.6 as proposed, and as set forth in the appendix to this opinion.[1] In light of our authorization of instruction 7.3 as proposed, we also agree with the Committee that it is unnecessary at this time to further amend instruction 7.2. New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final. However, because the amendments to instructions 7.5 and 7.6 were not published for comment prior to their authorization, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court.[2]

It is so ordered.

---

[2] All comments must be filed with the Court on or before March 3, 2020, with a certificate of service verifying that a copy has been served on the Committee Chair, The Honorable F. Rand Wallis, c/o Bart Schneider, Office of the General Counsel, 500 S. Duval Street, Tallahassee, Florida 32399–1925, schneidb@flcourts.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until March 24, 2020, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E–Filing Portal*, Fla. Admin. Order No. AOSC13–7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399–1927; no additional copies are required or will be accepted.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Original Proceeding – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge F. Rand Wallis, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Daytona Beach, Florida; and Bart Schneider, Staff Liaison, Office of the State Courts Administrator, Tallahassee, Florida,

    for Petitioner

## 7.3 FELONY MURDER — FIRST DEGREE
§ 782.04(1)(a), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of First Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

*Give 2a, 2b, and/or 2c as applicable.*
**2.** **a.** **While engaged in the commission of a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

**b.** **While engaged in the attempt to commit a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

**c.** **While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

*Give 3a if defendant was the person who actually killed the deceased.*
**3.** **a.** (Defendant) **was the person who actually killed** (victim)**.**

*Give 3b if defendant was not the person who actually killed the deceased.*
**b.** (Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in the commission of** (crime alleged)**.**

**In order to convict the defendant of First Degree Felony Murder, it is not necessary for the State to prove that the defendant had a premeditated design or intent to kill.**

*1. Define the felony alleged.*

2. If *2b above is given*applicable, *immediately give the attempt instruction (5.1).*

3. If *3b above is given*applicable, *immediately give the principal instruction (3.5(a)).*

4. *If the underlying felony is charged as a separate count, read, at an appropriate time, instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*Give if the defendant was a juvenile at the time of the crime alleged. § 775.082(1)(b), Fla. Stat. Williams v. State, 242 So. 3d 280 (Fla. 2018). If the jury were to find the defendant guilty of First Degree Premeditated Murder in a case where no principals instruction is given, the question of whether the defendant intended to kill or attempted to kill would inhere in that verdict. Therefore, the finding below should be made only for cases involving First Degree Felony Murder where it is alleged in the charging document that the defendant actually killed, intended to kill, or attempted to kill the victim. A general verdict for First Degree Murder without a specific finding of premeditation would require the paragraph below to be given.*

**If you find** (defendant) **guilty of First Degree Felony Murder, you must also determine whether the State proved beyond a reasonable doubt, that [he] [she] [actually killed] [intended to kill] [or] [attempted to kill]** (victim)**.**

**Lesser Included Offenses**

| FIRST DEGREE (FELONY) MURDER — 782.04(1)(a) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| | Second degree (depraved mind) murder | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Second degree (felony) murder | 782.04(3) | 7.5 |
| | Aggravated | 782.07(2) | 7.7(a) |

| | Manslaughter (Elderly Person/Disabled Adult) | | |
|---|---|---|---|
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder* | 782.04(4) | 7.6 |
| | Aggravated battery | 784.045 | 8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

*See* Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

*In some cases, Third Degree Felony Murder may be a necessary lesser-included offense of First Degree Felony Murder. For example, Third Degree Felony Murder with Child Abuse as the underlying felony may be a necessarily lesser-included offense of First Degree Felony Murder if Aggravated Child Abuse is the underlying felony.

This instruction was adopted in 1981 and was amended in 1985, 1992 [603 So. 2d 1175], 2011 [53 So. 3d 1017], 2014 [146 So. 3d 1110], 2018 [236 So. 3d 282], and 2018 [259 So. 3d 754], and 2019.

## 7.5 FELONY MURDER — SECOND DEGREE
§ 782.04(3), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Second Degree Felony Murder, the State must prove the following four elements beyond a reasonable doubt:**

1. (Victim) **is dead.**

2. (Defendant) **was not the person who actually killed** (victim)**, but** (defendant) **did commit or did knowingly aid, abet, counsel, hire, or otherwise procure the commission of a[n]** (felony alleged)**.**

*Give 3a, 3b, and/or 3c as applicable.*

3. a. (Victim's) **death was caused during and was a consequence of the commission of the** (felony alleged)**.**

   b. (Victim's) **death was caused during and was a consequence of the attempted commission of the** (felony alleged)**.**

   c. (Victim's) **death was caused during and was a consequence of the escape from the immediate scene of the [**(felony alleged)**] [attempt to commit the** (felony alleged)**].**

4. **The person who actually killed** (victim) **was not involved in the commission or the attempt to commit the** (crime alleged)**.**

1. *Define the* ~~crime~~<u>felony</u> *alleged.* ~~If Burglary, also define crime that was object of burglary.~~

2. *If* ~~3b above is given~~<u>applicable</u>, ~~also define "~~<u>immediately give the </u>attempt~~"~~ <u>instruction</u> (~~see~~ *5.1).*

3. *If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

| SECOND DEGREE (FELONY) MURDER — 782.04(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| Manslaughter | | 782.07 | 7.7 |
| | Aggravated Manslaughter (Child) | 782.07(3) | 7.7(a) |
| | Aggravated Manslaughter (Elderly Person/Disabled Adult) | 782.07(2) | 7.7(a) |
| | Aggravated Manslaughter (Officer/Firefighter/ EMT/Paramedic) | 782.07(4) | 7.7(a) |
| | Third degree (felony) murder | 782.04(4) | 7.6 |

## Comments

SeeSee Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 2014 [146 So. 3d 1110], and 2018 [236 So. 3d 282], and 2019.

## 7.6 FELONY MURDER — THIRD DEGREE
§ 782.04(4), Fla. Stat.

*In the absence of an express concession that the homicide was not excusable or justified, the trial judge must also read Instruction 7.1, Introduction to Homicide.*

**To prove the crime of Third Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1.      (Victim) **is dead.**

*Give 2a, 2b, and/or 2c as applicable.*

**2.**      **a.**      **While engaged in the commission of a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's) **accomplice] caused the death of** (victim)**.**

         **b.**      **While engaged in the attempt to commit a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's) **accomplice)] caused the death of** (victim)**.**

         **c.**      **While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's) **accomplice] caused the death of** (victim)**.**

*Give 3a if defendant was the person who actually killed the deceased.*

**3.**      **a.**      (Defendant) **was the person who actually killed** (victim)**.**

*Give 3b if defendant was not the person who actually killed the deceased.*

         **b.**      (Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in the commission of** (crime alleged)**.**

**It is not necessary for the State to prove the killing was perpetrated with a design to effect death.**

1. *Define the ~~crime~~<u>felony</u> alleged.*

2. *If ~~2b above is given~~<u>applicable</u>, ~~also define~~<u>immediately give the</u> "attempt" <u>instruction (</u>~~see~~ 5.1).*

3. *If ~~3b is given~~<u>applicable</u>, immediately give principal instruction (3.5(a)).*

4. *If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may*

*result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

**Lesser Included Offenses**

| THIRD DEGREE ~~(FELONY)~~ MURDER — 782.04(4) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Manslaughter | | 782.07 | 7.7 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

**Comments**

~~See~~*See* Instruction 7.13 for the § 782.065, Fla. Stat., reclassification when the victim is a law enforcement officer, correctional officer, etc.

This instruction was adopted in 1981 and amended in 1992 [603 So. 2d 1775], 1994 [639 So. 2d 602], 2014 [146 So. 3d 1110], ~~and~~ 2018 [236 So. 3d 282], and 2019.